# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WADE C. BURRIS, Individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>)  Case No. |
| vs. | )<br>) JURY TRIAL DEMANDED |
| APPLE INC., | ) ON ALL COUNTS<br>) |
| Defendant. | )<br>) |

## DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby gives notice of the removal of this action from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. Apple bases this removal on the provisions of the Class Action Fairness Act of 2005 ("CAFA") and states as follows:

## NATURE OF THE ACTION

1. On October 15, 2019, Plaintiff Wade Burris, individually and on behalf of a putative class, filed his Class Action Petition ("Petition") in the Circuit Court of Jackson County, Missouri at Kansas City.

2. Apple was served with the Summons and Petition on October 21, 2019.

3. A true and correct copy of all process and pleadings served on Apple, as well as the complete file from the state court, is attached as **Exhibit A**.

4. A true and correct copy of the Jackson County Circuit Court's docket sheet (as of the date of this filing) is attached as **Exhibit B**.

5. The Declaration of Michael Jaynes ("Declaration"), an Apple employee, is offered in support of Apple's Notice of Removal. A true and correct copy of the Declaration is attached as **Exhibit C**.

6. Plaintiff contends that Apple manufactured, distributed and/or sold iPad and iPad Pro devices, and Plaintiff himself purchased a 10.5-inch iPad Pro in June 2017. *See* Petition, Ex. A, ¶ 1.

7. Plaintiff alleges that iPad and iPad Pro devices sold by Apple from January 1, 2017 to present are defective in that they develop a "bright spot" on the screen of the device. Petition, Ex. A., ¶¶ 2, 14-18.

8. Plaintiff purports to bring this lawsuit on behalf of himself and a putative class defined as: "All Missouri purchasers of iPad and iPad Pro devices who purchased these devices since January 1, 2017. Excluded from this class are Defendant's officers, directors and employees and any judicial officer to whom this matter is assigned." Petition, Ex. A, ¶¶ 27.

9. Plaintiff, on behalf of himself and the putative class, purports to assert three causes of action against Apple: (1) breach of the implied warranty of merchantability; (2) unjust enrichment; and (3) violation of the Missouri Merchandising Practices Act. Petition, Ex. A., ¶¶ 35-59.

10. Apple denies each and every one of Plaintiff's claims.

## THIS CASE IS REMOVABLE UNDER CAFA

11. CAFA provides for federal jurisdiction over putative class actions when: (1) there is minimal diversity; (2) there is at least $5 million in controversy; and (3) none of the exceptions to CAFA jurisdiction apply. 28 U.S.C. §§ 1332(d)(2), 1453(d).

- 2 -
4812-4468-8812
Case 4:19-cv-00925-RK    Document 1    Filed 11/19/19    Page 2 of 8

### A. The Parties Are Minimally Diverse.

12. Minimal diversity under CAFA exists when any member of the putative class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(1)(A), (B), (D); *id.* § 1332(d)(2)(A); *see Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).

13. Plaintiff's Petition alleges that Apple is a California corporation with a principal place of business in California. Petition, Ex. A, ¶ 8. Thus, the Petition alleges that the sole defendant is a citizen of California. *See* 28. U.S.C. § 1332(c)(1) (for diversity purposes, a corporation is a citizen of every state in which it is incorporated and in which it has a principal place of business).

14. Plaintiff's Petition does not allege his state of citizenship. But the Petition defines Plaintiff's putative statewide class as comprised of citizens of Missouri, or citizens of any other state, who purchased the devices in Missouri. Ex. A, ¶ 27 (defining the class as "All Missouri purchasers of iPad and iPad Pro devices who purchased these devices since January 1, 2017.").

15. Therefore, minimal diversity exists in this case because Plaintiff or at least one of the members of the putative class is a citizen of a state other than California.

### B. More Than $5 Million Is in Controversy.

16. To determine whether the matter in controversy exceeds the jurisdictional threshold of $5 million, the claims of all of the putative class members are aggregated. 28 U. S. C. § 1332(d)(6); *id.* § 1332(d)(1)(D); *see Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013); *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 635 (8th Cir. 2017).

17. Plaintiff alleges he and the class were damaged "in an amount not less than the purchase price of the devices, plus interest." Petition, Ex. A, ¶¶ 42. Plaintiff also seeks "actual damages," *id.* ¶ 59, plus "all applicable damages; restitution; prejudgment and post-judgment

- 3 -
4812-4468-8812
Case 4:19-cv-00925-RK   Document 1   Filed 11/19/19   Page 3 of 8

interest, as applicable; costs of suit; payment of experts' fees and expenses; reasonable attorney's fees; and all other monetary relief Plaintiff and the class are entitled to by law . . ..''

18. Based on its records, Apple's net sales of iPad and iPad Pro devices sold and shipped to Missouri from January 1, 2017 to September 28, 2019 exceeded $5 million. Declaration of Michael Jaynes, ¶ 3.

19. Therefore, classwide damages in the amount of the "purchase price" alone, *see* Petition ¶ 42, are sufficient to put $5 million in controversy.

20. This figure does not account for Plaintiff's request for restitution, prejudgment and post-judgment interest, costs, expert fees and expenses, attorneys' fees, and punitive damages. *See* Petition, Ex. A, "Wherefore" clause, p. 10. Including those items of recovery increases the amount in controversy well beyond the $5 million jurisdictional threshold. *See e.g.*, *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) ("When considering the total sales in conjunction with the request for punitive damages the amount in controversy requirement is met."); *Pirozzi v. Massage Envy Franchising*, LLC, 938 F.3d 981, 984 (8th Cir. 2019) (considering attorneys' fees and punitive damages as to MMPA claim for purposes of determining CAFA's amount in controversy).

    **C.**    <u>**None of the Exceptions to CAFA Jurisdiction Apply.**</u>

21. While CAFA contains certain exceptions, it is the Plaintiff's burden to prove they apply. Plaintiff Burris will be unable to prove that any CAFA exception applies.

22. Under 28 U.S.C. § 1332(d)(4), CAFA does not extend federal diversity jurisdiction to class actions in which more than two-thirds of the members of the proposed class are citizens of the State in which the action was originally filed, at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the

- 4 -
4812-4468-8812
Case 4:19-cv-00925-RK   Document 1   Filed 11/19/19   Page 4 of 8

asserted claims is a citizen of the State in which the action was originally filed, and the principal injuries occurred in the State in which the action was originally filed. Here, Apple is not a citizen of Missouri. Accordingly, the provisions of 28 U.S.C. § 1332(d)(4) do not preclude the exercise of federal jurisdiction.

23. Under 28 U.S.C. §§ 1332(d)(5), CAFA does not extend federal diversity jurisdiction to class actions in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" or "the number of members of all proposed plaintiff classes in the aggregate is fewer than 100." Here, Apple is not a state, state official, or other governmental entity, and the Petition does not allege that the putative class is less than 100 citizens. Accordingly, the provisions of 28 U.S.C. §1332(d)(5) do not preclude the exercise of federal jurisdiction.

24. Under 28 U.S.C. § 1332(d)(9), CAFA does not extend federal diversity jurisdiction to class actions involving solely (A) securities covered under the federal securities laws, (B) a corporation's internal affairs or governance, or (C) the "rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." 28 U.S.C. § 1332(d)(9)(A)-(C). The allegations in Plaintiff's Petition do not relate to such claims. Accordingly, the provisions of 28 U.S.C. § 1332(d)(9) do not preclude the exercise of federal jurisdiction.

### APPLE HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

25. Apple was served on October 21, 2019. This Notice of Removal is timely filed before the expiration of 30 days from the receipt of Plaintiff's Petition and Summons. 28 U.S.C. § 1446(b).

26. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders received by Apple during the pendency of the action in the Jackson County Circuit Court are attached as **Exhibit A**.

27. Pursuant to 28 U.S.C. § 1446(a), Apple will contemporaneously give Plaintiff written notice of this filing and file a copy of this Notice of Removal with the Jackson County Circuit Court.

28. Apple reserves the right to amend or supplement this Notice of Removal. It also reserves all rights and defenses, including those available under Fed. R. Civ. P. 12.

29. Apple requests a jury trial in this case.

## **CONCLUSION**

30. For all the reasons stated above, this action is a civil action over which this court has original jurisdiction pursuant to 28. U.S.C. § 1332(d).

WHEREFORE, Apple respectfully removes this case to the United States District Court for the Western District of Missouri.

Dated: November 19, 2019                    Respectfully submitted,

*/s/  Holly Pauling Smith*
John Murphy, MO Bar No. 29980
Holly Pauling Smith, MO Bar No. 51340
Molly Carella, MO Bar No. 56902
Jennifer J. Artman, MO Bar No. 63692
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
Fax:    (816) 421-5547
jmurphy@shb.com
hpsmith@shb.com
mcarella@shb.com
jartman@shb.com

**ATTORNEYS FOR DEFENDANT APPLE INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 19, 2019, the foregoing was served upon all parties via U.S. Mail, e-filing, and/or e-mail, as follows:

Phyllis A. Norman, MO #55887
Adam Graves
NORMAN & GRAVES LLC
4505 Madison Avenue, Suite 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
phyllis@ngkclaw.com

and

Mitchell L. Burgess, MO #47524
BURGESS LAW FIRM, P.C.
4505 Madison Avenue, Suite 200
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
mitch@burgesslawkc.com

***Attorneys for Plaintiff Wade C. Burris***

                                                  */s/ Holly Pauling Smith*